OPINION
{¶ 1} This matter is before the court on the Notice of Appeal of Anthony Stamper, filed August 3, 2005. Stamper entered a no contest plea to one count of child endangering, in violation of R.C. 2919.22(A), a felony of the third degree, and he appeals the trial court's September 23, 2005 imposition of a three year term of imprisonment at the Ohio Department of Rehabilitation and Correction. At the sentencing hearing, the trial court found that "the shortest prison term would demean the seriousness of this offense and not adequately protect the public from future offenses by you."
 {¶ 2} Stamper's sole assignment of error is as follows:
 {¶ 3} "THE TRIAL COURT ERRED IN IMPOSING A SENTENCE THAT WAS EXCESSIVE AND CONTRARY TO LAW"
 {¶ 4} The Ohio Supreme Court recently declared R.C.2929.14(B), pursuant to which Stamper was sentenced, along with other parts of Ohio's felony sentencing scheme, unconstitutional.State v. Foster, ___ Ohio St.3d ___, 2006-Ohio-856, syllabus, p. 1, (citing Apprendi v. New Jersey (2000), 530 U.S. 466,120 S. Ct. 2348, 147 L.Ed.2d 435, and Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403). R.C. 2929.14's requirement, in relevant part, that the sentencing court find, prior to imposing sentence, that the shortest prison term allowed would demean the seriousness of the defendant's crime or would inadequately protect the public, violated the defendant's Sixth Amendment right to a jury trial on the facts relied upon in enhancing sentence. Id. Pursuant to Foster, Stamper's sentence is contrary to law. The Foster court instructed that all cases pending on direct review in which the unconstitutional sentencing provisions were utilized must be remanded for resentencing. Stamper's sentence is reversed, and the matter is remanded for resentencing.
Grady, P.J. and Brogan, J., concur.